**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERTO CURIEL,<br><br>             Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>             Defendant. | ) NO. EDCV 06-00773 SS<br>)<br>)<br>) **MEMORANDUM DECISION AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTRODUCTION**

Roberto Curiel ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying his application for disability benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404,

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4) Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. §§ 404.1545(a), 416.945(a).

F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff contends that the Commissioner's decision should be overturned for three reasons. First, she claims that the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. (Jt. Stip. at 3). Second, Plaintiff argues that the ALJ failed to properly consider lay witness testimony. (Jt. Stip. at 10). Third, Plaintiff contends that the ALJ posed an incomplete hypothetical to the vocational expert. The Court agrees with the first two arguments raised by Plaintiff and the case must be remanded.[3]

**A.   The ALJ Improperly Rejected Plaintiff's Testimony**

Plaintiff alleges that the ALJ failed to articulate clear and convincing reasons for rejecting his subjective complaints testimony. (Jt. Stip. at 3). The Court agrees. The ALJ's decision is cursory and devoid of specific reasons for rejecting Plaintiff's testimony. The ALJ's decision not only violates Ninth Circuit law governing subjective testimony and SSR 96-7p, it also violates this Court's prior remand order, instructing the ALJ to reconsider such testimony and, if rejecting Plaintiff's testimony, provide reasons. The ALJ's decision

---

[3] The Court does not reach Plaintiff's contentions regarding the hypothetical given to the vocational expert ("VE"). Plaintiff's argument, that certain limitations were omitted from the hypothetical, is based upon limitations that were part of Plaintiff's subjective testimony. Upon remand, if the ALJ again rejects that testimony (giving specific reasons), then it is not necessary for the ALJ to include those limitations in the hypothetical. Only those limitations that the ALJ finds are supported by the record need be included in any hypothetical to a VE.

blatantly ignores this Court's order and the Appeal Council's remand, and must be reversed.

Plaintiff testified at both the 2003 and 2005 hearings regarding his pain and limitations. To summarize, Plaintiff testified that he was unable to work due to knee pain; that he could not perform prolonged standing or sitting (AR 39, 42); and that he had to rest lying down with legs raised almost the entire day for relief. (AR 39). He testified that he received Morphine shots for his knee pain. (AR 39). He stated that he rests all day at home. (AR 40). He stated that he was using a cane and braces on both knees. (AR 42).

In his first decision, the ALJ failed to give reasons for rejecting this testimony. Pursuant to a voluntary remand at the district court level, the Appeals Council remanded the case back to the ALJ with instructions to give clear and convincing reasons, if he chose again to reject Plaintiff's testimony. (AR 366).

Plaintiff testified again in 2005. At that hearing, he again testified that he had a lot of problems with pain and that he was using a cane. (AR 408). He stated that he falls sometimes, has problems with "foot concentration," and depression. (AR 409). He testified that he can only stand for five minutes and then he has to lay down. He lays down most of the day. (AR 410).

\\
\\
\\

In his 2005 decision, the ALJ wrote one conclusory sentence regarding Plaintiff's testimony:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

(AR 329). Completely missing from this statement, however, and from the entire decision is any articulation of the <u>reasons</u> for finding Plaintiff "not entirely credible."

Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, as it is here, the ALJ must "make an explicit credibility finding" that is "supported by a specific, cogent reason for the disbelief." <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990) (internal citations omitted).  Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995, <u>as amended</u> April 9, 1996).  As long as plaintiff offers evidence of a medical impairment that could reasonably be expected to produce pain, the ALJ may not require the degree of pain to be corroborated by objective medical evidence.  <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996).

The ALJ may consider the following factors when weighing the claimant's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in her testimony or between her testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

Unfortunately, the ALJ here failed to weigh any of the above factors or give any other legitimate reason for rejecting Plaintiff's credibility. As such, remand is required.

**B.  Remand Is Required For Consideration Of Lay Witness Testimony**

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. July 25, 2006); Smolen, 80 F.3d at 1288; 20 C. F. R. §§ 404.1513(d)(4) & (e), and 416.913(d)(4) & (e). The ALJ may discount the testimony of lay witnesses only if she gives "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). See also Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." (citations omitted)).

Plaintiff's wife offered testimony regarding his symptoms and limitations. The ALJ failed to state any reasons germane to this

witness for rejecting her testimony. Remand is required to correct this defect.

**C.     Remand Is Required to Remedy Defects in the ALJ's Decision**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038, 121 S. Ct. 628, 148 L. Ed. 2d 537 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[4] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

/S/

DATED: September 24, 2007

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[4] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."